Brady v. Van Vlaanderen, 2015 NCBC 56.

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

PATRICIA M. BRADY,

Plaintiff,

v.

BRYANT C. VAN VLAANDEREN;
RENEE M. VAN VLAANDEREN;
MARC S. TOWNSEND; LINDA M.
TOWNSEND; UNITED TOOL &
STAMPING COMPANY OF NORTH
CAROLINA, INC.; UNITED
REALTY OF NORTH CAROLINA,
LLC; ENTERPRISE REALTY, LLC;
and WATERS EDGE TOWN
APARTMENTS, LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 7552

ORDER ON MOTION TO DISMISS

{1}     THIS MATTER is before the Court on Defendant United Realty of North Carolina, LLC's ("United Realty") Motion to Dismiss ("Motion"), based on Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").  For the reasons expressed below, the Motion is GRANTED in part and DENIED in part.

*Bain, Buzzard & McRae, LLP, by Edgar R. Bain for Plaintiff.*

*Shanahan Law Group, PLLC by Kieran J. Shanahan, Brandon S. Neuman, John E. Branch, III, and Christopher S. Battles for Defendant United Realty of North Carolina, LLC.*

Gale, Chief Judge.

{2}     Plaintiff complains that she has been "frozen out" of several family-owned companies.  United Realty is one such company.  Plaintiff brought multiple claims against other companies, which are not the subject of the present motion. Claims against United Realty are limited to claims for inspection of corporate

documents and judicial dissolution, and United Realty seeks to dismiss both. The Motion as it pertains to Plaintiff's claim for inspection of records is GRANTED. The Motion as it pertains to Plaintiff's claim for dissolution is DENIED, inasmuch as the Court concludes that this claim should be considered in conjunction with more recently filed summary judgment motions involving a dissolution claim as to all companies that are subject to Plaintiff's claims.

{3} Plaintiff Patricia M. Brady ("Plaintiff") is a North Carolina citizen and resident of Cumberland County, North Carolina. Plaintiff owns a one-third interest in each of the company defendants, and Bryant C. Van Vlaanderen ("B. Van Vlaanderen"), Renee M. Van Vlaanderen ("R. Van Vlaanderen"), Marc S. Townsend ("M. Townsend"), and Linda M. Townsend ("L. Townsend") (collectively "Individual Defendants") collectively own a two-thirds interest.

{4} The Individual Defendants are all citizens and residents of Cumberland County, North Carolina.

{5} United Tool and Stamping Company of North Carolina, Inc. ("United Tool") is a North Carolina corporation with its principal office in Fayetteville, North Carolina. United Tool manufactures metal stampings, and provides tooling, engineering, and other industrial services.

{6} Defendant United Realty is a North Carolina limited liability company with its principal place of business in Fayetteville, North Carolina. United Realty owns the real estate and building leased to United Tool for the operation of its business.

{7} Defendant Enterprise Realty, LLC ("Enterprise Realty") is a North Carolina limited liability company with its principal place of business in Fayetteville, North Carolina. Enterprise Realty owns beach property at Kure Beach and Carolina Beach, North Carolina.

{8} Defendant Waters Edge Town Apartments, LLC ("Waters Edge") is a North Carolina limited liability company with its principal place of business in Fayetteville, North Carolina. Waters Edge owns an apartment complex in

Fayetteville. M. Townsend was the manager of Waters Edge. This Order refers to the three LLCs collectively as the "LLC Defendants."

{9}     Plaintiff filed its original Complaint in this action on August 24, 2012. The case was designated a complex business case on September 4, 2012, and assigned to the undersigned on September 19, 2012.

{10}     Plaintiff filed her first Amended Complaint on September 27, 2012, and after she was granted leave by the Court, filed her Second Amended Complaint on August 6, 2013. Plaintiff's Second Amended Complaint includes claims for inspection and copy of records against United Tool, United Realty, Enterprise Realty, and Waters Edge; restoration of Plaintiff's right and interest or involuntary dissolution against United Tool; liquidation of United Tool; and judicial dissolution of United Realty, Enterprise Realty, and Waters Edge.

{11}     The Motion has been briefed and argued, and is ripe for disposition.

{12}     The Court does not make any findings of fact in connection with this Motion and recites the following as context for the Court's ruling.

{13}     M. Townsend and B. Van Vlaanderen were employed by United Tool, and at various times, each began receiving a salary of approximately $3,000 per week from United Tool. Plaintiff began working at United Tool in 2001, and in January 2012, Plaintiff's salary was raised to $3,000 per week. Plaintiff was told at that time that she need not show up to work in order to receive her salary.

{14}     Plaintiffs received other compensation, including contributions to Plaintiff's retirement, a health care plan, a credit card for personal expenses, and the use of a car. Plaintiff participated in management of the various organizations and had access to their facilities and books and records as a shareholder, member of the board, and owner of United Realty and the LLC Defendants.

{15}     Plaintiff's employment with United Tool was terminated in 2012, and all of her benefits ceased.

{16}     Plaintiff complains that Individual Defendants have held various meetings of stockholders and directors of which Plaintiff received no notice and at which decisions were made without her knowledge or participation.

{17}    Plaintiff further complains that she has been denied access to accounting records, money transactions, financial records, and other significant information.  When the Second Amended Complaint was filed, Plaintiff complained that United Realty, as well as other companies, had not produced records.  Subsequently, the parties reached a confidential agreement, Defendants produced documents, and Plaintiff has acknowledged that United Realty has provided the requested documents.

{18}    Plaintiff contends that dissolution of the various family-owned companies should be considered simultaneously, so that intra-corporate transactions and management may be evaluated as they pertain to United Realty.

{19}    United Realty challenges Plaintiff's claim for inspection of corporate records under both Rule 12(b)(1) and 12(b)(6).  The Court's inquiry on a Rule 12(b)(1) motion is not limited to the Second Amended Complaint.  *See Harris v. Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007) (noting that court may consider matters outside pleadings in ruling on 12(b)(1) motion to dismiss).  And "Rule 12(b)(1) . . . allows for the dismissal of a complaint due to a lack of jurisdiction over the subject matter of the claim or claims asserted in that complaint."  *State ex rel. Cooper v. Seneca-Cayuga Tobacco Co.*, 197 N.C. App. 176, 181, 676 S.E.2d 579, 583 (2009).

{20}    In her brief initially opposing the Motion, Plaintiff conceded that the majority of the records Plaintiff specifically requested have been provided, but that "it is safe to believe that there are records that exist [to] which Plaintiff is entitled access, however, these records just haven't been discovered as of yet." (Pl.'s Mem. Law Opp'n Def. United Realty of N.C. LLC's Mot. Dismiss ("Opp'n Mem.") 4.) Subsequently, Defendants filed a copy of Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories to Plaintiff. Those supplemental responses contained the following question and answer:

14.    Please describe, with specificity, all documents or other information that you have <u>not</u> been provided by Defendants as of the date of your response to this Interrogatory that you contend you are entitled to.

**ANSWER:    Though a multitude of documents were not voluntarily provided by the Defendants, the Defendants have signed authorizations for the Plaintiff to retrieve those documents at her burden and expense; therefore, there are no documents which have not been provided or allowed access to [sic] that the Plaintiff is aware.**

(Def.'s Mot. Exclude Improper Supplemental Disc. Resps. Ex. A ¶ 14.)

{21}    The claim for inspection of United Realty's records is therefore MOOT, the Motion as it relates to the inspection claim is GRANTED, and the inspection claim against United Realty is DISMISSED.

{22}    As to Plaintiff's claim for judicial dissolution, United Realty argues that, through amendments to her pleadings, Plaintiff has withdrawn allegations as to United Realty and that remaining claims against United Reality are only generalized, conclusory allegations applicable to all defendants.  Plaintiff adds that the lack of specific allegations against United Reality is due to the complex interactions between all of the various companies, to the effect that "mismanagement of one company is related to the mismanagement of another company." (Opp'n Mem. 5.)

{23}    In considering a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true without assuming the truth of any legal conclusions.  *See Walker v. Sloan*, 137 N.C. App. 387, 392, 529 S.E.2d 236, 241 (2000).  Defendants correctly argue that the generalized allegations intended to reach United Realty strain even this liberal standard.  But, considering that the Court will be given the opportunity to examine the interrelationship, if any, of operation and management of the various companies, the Court concludes that the present Motion as to the dissolution claim should be DENIED, without prejudice to the consideration of the legal sufficiency of Plaintiff's claims under a Rule 56 standard.

IT IS SO ORDERED, this the 3rd day of June, 2015.


        /s/ James L. Gale

James L. Gale
Chief Special Superior Court Judge
  for Complex Business Cases